IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 20-cv-3281 |
| ILLINOIS MINE SUBSIDENCE INSURANCE FUND, ) ) ) ) | |
| Defendant. ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

The District Court has referred Defendant Illinois Mine Subsidence Insurance Fund's (Fund) Motion to Dismiss and Strike [22] to this Court for a Report and Recommendation. Text Order entered May 26, 2021. Plaintiff Union Pacific Railroad Company (Union Pacific) seeks declaratory relief in Counts I, II, III, and V of the Amended Complaint. Amended Complaint for Declaratory Judgment and Injunctive Relief (d/e 21) (Amended Complaint). The declaratory relief concerns lawsuits that the Fund has brought, and may bring, against Union Pacific for reimbursement of payments the Fund has made on property damage reinsurance claims arising from the subsidence of four abandoned coal mines (Mines) in Macoupin County, Illinois (Mine Subsidence Claims). The Fund was

created by the State of Illinois and provides reinsurance to insurance companies that provide insurance for property damage from mine subsidence.

The Superior Coal Company (Superior) dug and operated the Mines from 1904 to 1953. Superior was a subsidy of the Chicago and North Western Railway Company (CNW). Superior dissolved in 1957. In 1995, CNW was merged into Union Pacific. See Amended Complaint ¶¶ 6-7.

According to the Amended Complaint, the Fund has tendered to Union Pacific for payment 58 Mine Subsidence Claims totaling $5.5 million. Union Pacific further alleges that the Fund has calculated the total amount of its Mine Subsidence Claims against Union Pacific to be between $46 million and $234 million. Amended Complaint ¶¶ 21, 24. Currently, the Fund has filed one pending Mine Subsidence Claim against Union Pacific for mine subsidence damage to the home of Aurora and Anthony Hill. Hill v. Union Pacific R.R. Co., C.D. Ill. Case No. 20-3274 (the Hill Case).

The parties have already litigated at least two Mine Subsidence Claims. Gillespie Community Unit School District No. 7 v. Union Pacific Railroad, 2015 IL App (4th) 140877, 43 N.E.3d 1155 (Ill. App. 4th Dist. 2015), and Illinois Mine Subsidence Ins. Fund v. Union Pac. R.R. Co., Case No. 17-CV-3199 ("the 2017 Case"). Union Pacific prevailed in part in

<u>Gillespie</u> and settled the remainder of the case.  Union Pacific prevailed in the 2017 Case.

Union Pacific seeks declaratory relief in Counts III and V of the Amended Complaint that would affect the <u>Hill</u> Case and all future Mine Subsidence Claims that the Fund may bring against Union Pacific.  This Court is authorized to hear cases or controversies and may not issue advisory opinions.  U.S. Const., art. III, §2; <u>see</u> <u>e.g.</u>, <u>Flast v. Cohen</u>, 392 U.S. 83, 94-96 (1968).  Count III asks for a declaratory judgment that the Fund is the real party in interest in the <u>Hill</u> Case; this is clearly a case or controversy.  Count III also asks for a declaratory judgment that all homeowners whose insurers were or are reinsured by the Fund are in privity with the Fund for purposes of res judicata and collateral estoppel.  Count V asks for a declaratory judgment that the Fund is not liable for any action taken by Superior before 1957, which would necessarily cover all future Mine Subsidence Claims.

This Court has an obligation to raise <u>sua</u> <u>sponte</u> whether the Court has subject matter jurisdiction.  See <u>Craig v. Ontario Corp.</u>, 543 F.3d 872, 875 (7th Cir. 2008).  The Court questions whether Union Pacific has alleged an actual case or controversy in Counts III and V with respect to Mine Subsidence Claims that the Fund has not yet brought against Union

Pacific, particularly potential Mine Subsidence Claims that the Fund has not yet paid including Mine Subsidence Claims that do not currently exist but may come into existence if the Mines continue to subside.

THEREFORE, the Court directs the parties to file briefs by July 16, 2021, addressing whether the Amended Complaint alleges a case or controversy in Counts III and V with respect to Mine Subsidence Claims that the Fund has not yet filed against Union Pacific, including: (1) the 58 Mine Subsidence Claims that the Fund has tendered to Union Pacific; (2) the remaining Mine Subsidence Claims for which the Fund has paid the reinsurance of the primary insurer; and (3) possible Mine Subsidence Claims for which the Fund has not paid reinsurance claims, including potential Mine Subsidence Claims from subsidence that has not yet occurred.  Each party's brief shall not exceed 25 pages.  Each party may file a reply brief, not to exceed 10 pages, by July 30, 2021.

ENTER:   June 17, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE