E-FILED
Thursday, 31 March, 2022  03:26:15 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNION PACIFIC RAILROAD COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-cv-03281** |
| | ) | |
| **ILLINOIS MINE SUBSIDENCE INSURANCE FUND,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Now before the Court is the Report and Recommendation
("R&R") of United States Magistrate Judge Tom Schanzle-Haskins
(d/e 34) on the Motion to Dismiss and Strike (d/e 22) filed by
Defendant Illinois Mine Subsidence Insurance Fund ("IMSIF").
Magistrate Judge Schanzle-Haskins recommends that IMSIF's
Motion to Dismiss be granted in part and denied in part and that
IMSIF's Motion to Strike be denied.  Specifically, the R&R
recommends that Counts II and V of the Amended Complaint
(d/e 21) filed by Plaintiff Union Pacific Railroad Company ("Union
Pacific") should be dismissed and that Union Pacific should be

allowed to proceed on Counts I, III, and IV of the Amended

Complaint.  IMSIF timely filed its Objections (d/e 35) to the R&R on

October 13, 2021.

For the reasons set forth below, Plaintiff's Objections are

SUSTAINED IN PART and OVERRULED IN PART.  The R&R is

ADOPTED IN PART.  IMSIF's Motion to Dismiss is GRANTED IN

PART and DENIED IN PART.  IMSIF's Motion to Strike is DENIED.

Count II of Union Pacific's Amended Complaint (d/e 21) is

DISMISSED in its entirety for failure to state a claim upon which

relief can be granted.  Counts III and V of the Amended Complaint

are DISMISSED in their entirety for lack of jurisdiction.  Counts I

and IV of the Amended Complaint are DISMISSED IN PART.

## I. LEGAL STANDARD

When a magistrate judge proposes factual findings and

recommendations, the district court "may accept, reject, or modify,

in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1).  The district court may

also receive further evidence or recommit the matter to the

magistrate judge with instructions.  Id.  The district court reviews

de novo any part of a magistrate judge's report and

recommendation to which a specific written objection has been made, see Fed. R. Civ. P. 72(b)(3), and reviews any portion of the report to which no objection has been made for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).

## II. BACKGROUND

The Court assumes familiarity with the factual and procedural background of this litigation and adopts the R&R's Statement of Facts, to which no objection has been raised.  See d/e 34, pp. 2–11.

On October 13, IMSIF filed eight objections to portions of the R&R, along with a supporting memorandum (d/e 36).  IMSIF argues that Union Pacific's claims are not ripe for review, that Union Pacific's claims are not appropriate for declaratory relief, and that Counts I, III, and IV of the Amended Complaint should be dismissed for failure to state a claim.  Union Pacific filed a Response (d/e 37) to IMSIF's objections on October 27, 2021.  Union Pacific has not objected to the Magistrate Judge's recommendation that Counts II and V of the Amended Complaint be dismissed.

The Court has reviewed the R&R, the briefing on Defendant's Motion to Dismiss, IMSIF's Objections to the R&R and the

Memorandum in Support of Defendant's Objections, Union Pacific's
Response to the Objections, the relevant filings in the related state
and federal cases, and the applicable law.  Based on this review, the
Court finds no clear error in the portions of the R&R to which no
objections have been made.

### III.  ANALYSIS

### A.    Counts I and IV of the Amended Complaint Are Ripe for Adjudication.

IMSIF's Motion to Dismiss did not challenge the Amended
Complaint on jurisdictional grounds.  Magistrate Judge
Schanzle-Haskins raised the issue sua sponte and ordered
supplemental briefing on June 17, 2021.  See d/e 27.  In IMSIF's
supplemental brief on jurisdiction, IMSIF argues that Union Pacific
has not sufficiently alleged a basis for subject-matter jurisdiction,
but not that the jurisdictional allegations in the Amended
Complaint are untrue.  See d/e 28.  IMSIF has, therefore, raised a
facial rather than a factual challenge to this Court's subject-matter
jurisdiction.  See Silha v. ACT, Inc., 807 F.3d 169, 173 (7th Cir.
2015) (discussing distinction between facial and factual challenges).
A facial challenge to subject-matter jurisdiction is evaluated under

the Twombly-Iqbal plausibility standard, the same standard used
for evaluating motions to dismiss under Rule 12(b)(6).  Id.
Accordingly, the Amended Complaint need only "plausibly" allege
facts from which the Court can reasonably infer jurisdiction.  See
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court construes
the factual allegations in Union Pacific's Amended Complaint in the
light most favorable to Union Pacific, accepts all of the well-pleaded
factual allegations as true, and construes all reasonable inferences
in Union Pacific's favor.  See Tamayo v. Blagojevich, 526 F.3d 1074,
1081 (7th Cir. 2008).

Article III of the United States Constitution "confines the
federal courts to adjudicating actual 'cases' and 'controversies.'"
Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (quoting
Allen v. Wright, 504 U.S. 555, 560 (1984).  IMSIF argues that Union
Pacific has not alleged an actual case or controversy with respect to
mine subsidence claims not yet brought against Union Pacific
because said claims are not yet ripe.  Ripeness is a justiciability
requirement that prevents courts from exercising jurisdiction over
actions where the injury asserted "depend[s] on so many future
events that a judicial opinion would be advice about remote

contingencies" and would, therefore, address an abstract question of law rather than an actual controversy.  <u>Meridian Sec. Ins. Co. v. Sadowski</u>, 441 F.3d 536, 538 (7th Cir.2006)).  In evaluating ripeness, courts consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  <u>Sweeney v. Raoul</u>, 990 F.3d 555, 560 (7th Cir. 2021) (quoting <u>Abbott Lab'ys v. Gardner</u>, 387 U.S. 136, 149 (1967) (<u>abrogated on other grounds by</u> <u>Califano v. Sanders</u>, 430 U.S. 99 (1977)).

IMSIF specifically objects to the Magistrate Judge's finding of an imminent injury to Union Pacific due to the threat of future lawsuits by IMSIF.  IMSIF has previously litigated two past mine subsidence cases against Union Pacific to completion.  <u>See</u> <u>Gillespie Community Unit School District No. 7 v. Union Pacific Railroad</u> ("<u>Gillespie</u>"), 2012 IL App (4th) 110142-U, 2012 WL 7009965 ("2012 Opinion") and 2015 IL App (4th) 140877, 43 N.E.3d 1155 ("2015 Opinion"); <u>Illinois Mine Subsidence Ins. Fund v. Union Pac. R.R. Co.</u> ("2017 Case"), No. 17-CV-3199, 2019 WL 4015883, at *1 (C.D. Ill. August 26, 2019) ("2019 Opinion").  More recently, IMSIF brought another mine subsidence lawsuit against Union Pacific, <u>Hill v.</u>

Union Pacific, which is currently pending in state court.  See Circuit Court of Macoupin County, Illinois, Case No. 2020LM63. Additionally, the Fund tendered 58 mine subsidence claims to Union Pacific, asked for a tolling of the statute of limitations on 25 of those claims, and made a demand for settlement which Union Pacific rejected.  Based on these alleged facts, Magistrate Judge Schanzle-Haskins found that "the risk of continuing lawsuits is imminent and meets the standard of a probabilistic injury to Union Pacific."  R&R, p. 12; see Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 681 (7th Cir. 1992) (holding that "Article III requires only a probabilistic injury).

IMSIF claims that the threat of injury to Union Pacific is "merely speculative," rather than "real and immediate," because Union Pacific is seeking to "bar litigation that has not been threatened, and that may never be filed."  D/e 36, p. 7.  In support of this argument, IMSIF attempts to distinguish between declaratory judgment cases in which imminent litigation was actually threatened before the plaintiff filed his declaratory action, see Am. Acad. of Orthopaedic Surgeons v. Cerciello, No. 12-CV-3863, 2012 WL 5471108, at *1 (N.D. Ill. Nov. 9, 2012), and cases in

which the allegations "merely suggested the possibility" of future litigation.  See United Parcel Serv., Inc. v. Pennie, No. 03 C 8019, 2004 WL 2064547, at *3 (N.D. Ill. Sept. 8, 2004).  IMSIF suggests that this case falls into the latter category.

Union Pacific has produced an e-mail in which counsel for IMSIF, requesting that Union Pacific agree to toll the statute of limitations on certain tendered mine subsidence claims, states: "IMSIF is committed to establishing Union Pacific's responsibility for the mine subsidence damage caused by Superior Coal. However, the simultaneous litigation of numerous suits would not serve anyone's immediate interests."  D/e 31, exh. 1.  Because IMSIF has raised only a facial challenge to jurisdiction, the Court does not look beyond the allegations of the Amended Complaint to the evidence submitted by Union Pacific.  See Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 444 (7th Cir. 2009).  But the allegations in the Amended Complaint, construed in the light most favorable to Union Pacific, are almost as clear as the inadmissible documentary evidence of IMSIF's intentions.  There is no bright-line rule requiring declaratory judgment plaintiffs to allege an actually articulated threat to sue.  It is enough that the threat of litigation,

whether written, spoken, or merely implied, is real and immediate. Here, IMSIF has "tendered approximately 58 subsidence claims to Union Pacific, with a value of approximately $5.5 million." D/e 21, ¶ 24. IMSIF has asked Union Pacific to enter into agreements tolling the statutes of limitations on these claims, and Union Pacific has declined. These facts give rise to the reasonable inference that litigation on a number of mine subsidence claims is imminent unless Union Pacific can prevent said litigation by obtaining a declaratory judgment or injunction. Common sense and the entire history of this litigation show that the question of whether Union Pacific is liable for mine subsidence damages caused by Superior Coal is of concrete and readily apparent significance to both parties.

Of course, "the threat of suit, however immediate, is not itself sufficient for the invocation of the federal power to issue a declaratory judgment." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 712 (7th Cir. 2002). IMSIF also objects to the Magistrate Judge's jurisdictional findings on the grounds that Union Pacific has not alleged imminent hardship. Union Pacific's position is that IMSIF plans to file a large number of repeated, harassing lawsuits against Union Pacific, arguing in each that Union Pacific is liable for mine

subsidence damages caused by Superior Coal using the legal theories of assumption of liability, direct participation, alter ego, and <u>de facto</u> merger.  Leaving aside, for now, the question of whether IMSIF can legally be enjoined or precluded from bringing these lawsuits, it is clear that the threat of having to defend against the same lawsuit numerous times in succession constitutes a real and imminent threat of hardship to Union Pacific.

IMSIF cites <u>Adkins v. Nestle Purina PetCare Co.</u>, 779 F.3d 481, 483 (7th Cir. 2015), for the proposition that "the costs of ongoing litigation . . . are not irreparable injury," but this principle is inapplicable to the present case.  <u>Adkins</u> discusses Fed. R. Civ. P. 65(d)(1)(A)'s requirement that a district court should state the reasons for an injunction before issuing it, rather than the Declaratory Judgment Act's hardship requirement.  <u>See</u> <u>id.</u>  Here, Union Pacific is not arguing that the costs of "ongoing" litigation represent a hardship.  More importantly, Union Pacific is not seeking to "seize the forum from the natural plaintiff," <u>see</u> <u>Hoover v. Wagner</u>, 47 F.3d 845 (7th Cir.1995), and litigate an inevitable case on its own terms.  Rather, Union Pacific alleges that it is seeking to avoid the unnecessary cost of future duplicative lawsuits.  One of

the purposes of the Declaratory Judgment Act is to "help[] avoid multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants." Med. Assur. Co. v. Hellman, 610 F.3d 371, 377 (7th Cir. 2010) (quoting 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2751 (3d ed. 1998)). Declaratory relief is certainly available if it will save parties and the court system the expense of resolving numerous duplicative lawsuits separately. See id. ("The goal of the Declaratory Judgment Act is to allow for the efficient resolution of disputes by an early adjudication of the rights of the parties.").

IMSIF also argues that Union Pacific's claims are not fit for adjudication. A claim may be fit for adjudication where the issues involved are "purely legal" or "predominantly legal." Wisconsin Central Ltd. v. Shannon, 539 F.3d 751, 759 (7th Cir. 2008). IMSIF argues that adjudicating Union Pacific's claims will require the Court to resolve factual issues involving the "pre-existing privity relationship" between plaintiff homeowners in future mine subsidence cases. However, for the reasons discussed in Section III.B, infra, the Court is not convinced that any such involved

adjudication of privity relationships between homeowners will be necessary.

IMSIF's final jurisdictional argument is that, under Cunningham Brothers, Inc. v. Bail, 407 F.2d 1165 (7th Cir. 1969), the Declaratory Judgment Act does not allow a prospective tort claim defendant to obtain a declaration of non-liability.  In Cunningham, a general contractor sued several individual employees, who had suffered workplace injuries, for a declaration that the general contractor was not liable for the employees' injuries.  The Seventh Circuit held that declaratory relief was not available because the burden placed on the court system and the general contractor by allowing each of the injured workmen to file suit separately "does not outweigh the right of a personal injury plaintiff to choose the forum and the time, if at all, to assert his claim."  Id. at 1168–69.

Magistrate Judge Schanzle-Haskins concluded that Cunningham "does not state a fixed rule" and is factually distinguishable from the present case.  In reaching this conclusion, Judge Schanzle-Haskins cited Bankers Trust Co. v. Old Republic Insurance Co., 959 F.2d 677 (7th Cir. 1992), for the proposition

that Cunningham's rule against allowing potential tort defendants
to seek a declaration of non-liability was discretionary.  IMSIF
points out, correctly, that the Bankers Trust court discussed
Cunningham only in the context of that case's second holding,
which involves the ripeness of a suit to determine an insurer's
obligations to indemnify its insured.  The indemnification issue in
Cunningham is not at issue in the instant case, and the Bankers
Trust court did not discuss Cunningham's rule against actions for
declarations of non-liability in tort suits.  Bankers Trust is,
therefore, inapposite.

   Nevertheless, Magistrate Judge Schanzle-Haskins correctly
concluded that Cunningham is factually distinguishable from the
instant case and that Cunningham announced a principle of
discretion rather than a fixed rule.  Cunningham itself is quite clear
on the latter point, stating that, when the "traditional remedy" for a
tort claim provides a proper remedy to the parties, "the courts, in
exercising their discretion, may properly dismiss the declaratory
judgment action."  407 F.2d at 1169 (emphasis added) (footnote
omitted).  Subsequently, the Cunningham court stated:

> Since the sustaining of plaintiff's suit in the
> instant case would force an injured party to
> litigate a claim which he may not have wanted
> to litigate at a time which might be
> inconvenient to him or which might precede
> his determination of the full extent of his
> damages, and in a forum chosen by the alleged
> tortfeasor, we hold that the action was
> inappropriate for declaratory relief and was
> therefore properly dismissed against the
> individual defendants.

Id.  In other words, Cunningham announces a principle of

discretion that applies in cases factually similar to Cunningham,

where allowing the declaratory action to proceed would have cost

the individual injured parties the ability to separately choose when

and where to file their claims.

The instant case is not like Cunningham.  The declaration and

injunction requested by Union Pacific in Counts I and IV, as

modified by this Court's partial dismissal of those Counts, will not

affect the rights of homeowners who have not already been fully

compensated for their potential claims against Union Pacific in any

way.  See Section III.B, infra.  Only two parties, IMSIF and Union

Pacific, will be directly affected by the outcome of the instant action.

Cunningham means that individual tort plaintiffs have the right to

litigate separately if they wish to do so, despite the inefficiencies

that separate litigation may create.  But where a single party has acquired a number of substantially identical claims and wishes to litigate them in single file in order to gain as many bites at the apple as possible, the discretionary principle announced in Cunningham regarding the rights of separate injured parties does not apply.

**B.     Union Pacific Has Sufficiently Alleged that Claim Preclusion Is Available with Respect to Some of IMSIF's Potential Claims.**

Count I requests a declaration that IMSIF and its privies are precluded from relitigating the "assumption of liability" and "direct participation" theories that the Illinois Appellate Court rejected in the 2015 Opinion in Gillespie, as well as the "alter ego" and "de facto merger" theories that this Court rejected in its 2019 Opinion in the 2017 case.  IMSIF argues that, under Perry Globe Auto Recycling, Inc., 227 F.3d 950 (7th Cir. 2000), and Ambrosia Land Invs., LLC v. Heritage Coal Co., LLC, No. 05-CV-371, 2009 WL 10726255, at *1 (S.D. Ill. June 10, 2009), IMSIF cannot be precluded from bringing a claim as subrogee that the subrogor would not have been precluded from bringing in an individual capacity.

In Perry, a man named Rixson Perry sued an automobile recycling company under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), claiming that a corrupt conspiracy between city officials and the recycling company had resulted in the towing of his car. 227 F.3d at 951. After his action was dismissed, Perry paid another individual whose car had been towed $100 to assign all claims arising out of the towing to Perry. Id. at 952. Perry then filed substantially the same RICO lawsuit that he had previously filed on his own behalf on behalf of the assignor. The district court applied the doctrine of claim preclusion and dismissed Perry's second lawsuit. The Seventh Circuit, worried that the district court's application of claim preclusion would "cast doubt on many legitimate assignments that occur every day in the world of civil litigation" if generalized, reversed. Id. The Seventh Circuit held that, since the assignor could not have been precluded from bringing the claim himself, and since Perry as assignee assumed all of the assignor's rights, Perry could not be precluded from bringing the assignor's claim. Id. at 953.

Magistrate Judge Schanzle-Haskins distinguished <u>Perry</u> solely on the grounds that <u>Perry</u> dealt with claim, rather than issue, preclusion.  <u>See</u> d/e 34, p. 29.  IMSIF argues that, since claim and issue preclusion share similar representation requirements, the <u>Perry</u> court's reasoning requires dismissal of the Amended Complaint.  D/e 36, p. 18.

The Court agrees that <u>Perry</u> cannot be distinguished solely based on the difference between claim preclusion and issue preclusion.  Claim preclusion, under both federal and Illinois law, requires "(1) an identity of parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." <u>Ambrosia</u>, 2019 WL 10726255, at *3.  Issue preclusion under federal law requires that "(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must be fully represented in the prior action."  <u>Id.</u>  Issue preclusion under Illinois law requires "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on

the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." Id.  The preclusive effect of the judgment in Gillespie is governed by Illinois law, while the preclusive effect of the judgment in the 2017 Case is governed by federal law.  See Brokaw v. Weaver, 305 F.3d 660, 669 (7th Cir. 2002) (holding that the preclusive effect of a state judgment is determined by state law); E.E.O.C. v. Harris Chernin, Inc., 10 F.3d 1286, 1289 n.4 (7th Cir. 1993) (holding that the preclusive effect of federal judgment is governed by federal law).

The Seventh Circuit's decision in Perry was based on the Perry court's finding that the first requirement for claim preclusion, the "identity of parties or their privies," was not met.  Despite the fact that Perry was the real party in interest in both the first and second lawsuits, he could not be precluded from bringing the second claim. The Perry court reasoned that the critical question was "whether [the assignor's] decision to assign his claim to Perry transforms the claim from one that could be brought to one that is barred by Perry's earlier unsuccessful efforts."  Perry, 227 F.3d 953.  The Perry court answered that question in the negative, holding that

"the assignee stands in the shoes of the assignor and assumes the same rights, title and interest possessed by the assignor" and that since the assignor "had the right to bring his own claim, that is what he conveyed to Perry in the assignment." Id.  In other words, since Perry inherited his assignor's claim "as is," Perry could not be precluded if the assignor could not have been precluded.

Where claim preclusion requires "an identity of parties or their privies," issue preclusion under federal law requires that the precluded party have been "fully represented in the prior action." Ambrosia, 2019 WL 10726255, at *3.  Perry's assignor was not "fully represented" in Perry's prior action, any more than he was in privity with or identical to a party in the prior action.  The principle that guided the Perry court was that an assignee "assumes the same rights, title, and interest possessed by the assignor," and therefore inherits the assignor's immunity to the preclusive effect of a judgment in a case to which the assignor was not a party.  Perry, 227 F.3d at 953.  This principle applies with as much force in the issue preclusion context as in the claim preclusion context. Accordingly, IMSIF cannot be precluded by a prior judgment from relitigating a legal issue if IMSIF acquired the cause of action in

which the issue arises before the prior judgment, from a party who was not fully represented in the prior litigation.

Contrary to IMSIF's assertion, however, this conclusion does not require the dismissal of Count I in its entirety. <u>Perry</u> involved a claim that had been acquired <u>after</u> judgment had been entered in the lawsuit Perry brought in his own name. The Seventh Circuit held that Perry could not be precluded from bringing his assignor's claim because the assignor himself, as a nonparty to Perry's initial case who was not in privity with Perry, could not have been precluded from bringing the claim. <u>See</u> <u>id.</u> If Perry had purchased the assignor's claim <u>before</u> judgment was entered on Perry's own claim, Perry would then have been precluded from bringing the assignor's claim at a later date. To hold otherwise would be to hold that Perry did not own the assigned claim once it had been assigned to him. Once a claim has been assigned or subrogated, the claim is subject to the preclusive effect of any judgment entered in a case in which the assignee or subrogee fully participated.

Here, it can reasonably be inferred from Union Pacific's Amended Complaint that IMSIF "stepped into the shoes" of some of its subrogors <u>before</u> the entry of judgment in the 2017 case, and

possibly before the entry of judgment in Gillespie.  Any claim
acquired by IMSIF has belonged to IMSIF, for preclusion purposes,
since the moment when IMSIF acquired it.  Therefore, Union Pacific
may be entitled to a declaration that IMSIF is precluded from
relitigating a given legal issue with respect to a given claim if IMSIF
acquired the claim prior to the issuance of judgment in an earlier
case in which the issue sought to be precluded was fully litigated.
Cf. id. (citing Rhode Island Hospital Trust Nat'l Bank v. Ohio
Casualty Ins. Co., 789 F.2d 74, 82 (1st Cir.1986), for the
proposition that "where judgment precedes assignment, assignee is
precluded in same manner as assignor").

 Count I of IMSIF's Amended Complaint requests a declaration
that "IMSIF and its privies are barred by collateral estoppel from
relitigating" the theories of assumption of liability, direct
participation, alter ego, and de facto merger.  Under Perry, IMSIF
cannot be barred from relitigating the assumption of liability or
direct participation theories with respect to any claim that IMSIF
had not yet acquired when judgment issued in Gillespie.  For the
same reason, IMSIF cannot be barred from relitigating the theories
of alter ego or de facto merger with respect to any claim that IMSIF

had not yet acquired when judgment issued in the 2017 case. However, with respect to claims acquired by IMSIF before entry of judgment in the 2017 Case and/or Gillespie, Union Pacific has stated a claim upon which relief can be granted.

## C.   Count III Is Dismissed for Lack of Subject-Matter Jurisdiction.

In Count III, Union Pacific requests a declaration that IMSIF is the only real party in interest, and that "all other parties are superfluous" and should be dismissed in the Hill case and in "other cases where IMSIF has paid all amounts due and no other party is owed money." D/e 22, ¶ 32. Union Pacific also asks the Court to declare that "[a]ll homeowners whose insurers were reinsured by IMSIF and all insurers who are reinsured by IMSIF are in privity with IMSIF for purposes of applying the doctrines of res judicata and collateral estoppel." Id., ¶ 33. IMSIF objects to Judge Schanzle-Haskins's recommendation that Count III be found to state a claim, in part because Count III is duplicative of Count I.

The Court agrees with IMSIF. The law is clear, and the parties agree, that IMSIF is the real party in interest with respect to all fully paid mine subsidence claims. It is equally clear that IMSIF is in

privity with "homeowners whose insurers were reinsured by IMSIF and all insurers who are reinsured by IMSIF" once reinsurance payments are made.  However, as discussed in Section III.B, <u>supra</u>, neither IMSIF's real party in interest status nor IMSIF's privity relationship with its subrogors mean that IMSIF can be precluded from relitigating an issue in a given mine subsidence claim if IMSIF acquired the claim after the issuance of the relevant prior judgment.

The majority of the relief requested by Union Pacific in Count III, therefore, does not speak to a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Cent. States, Se. & Sw. Areas Health & Welfare Fund by Bunte v. Am. Int'l Grp., Inc.</u>, 840 F.3d 448, 451 (7th Cir. 2016) (quoting <u>Md. Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941)).  The one request in Count III that does speak to a substantial controversy is the request for a declaration that all parties other than IMSIF should be dismissed from cases involving fully paid mine subsidence claims. However, declaring that parties in a large number of unspecified and as-yet unfiled cases should be dismissed would not be appropriate.  It is possible that case-specific issues of law and fact

will require the joinder of additional parties other than IMSIF in some fully paid subsidence claims.  Accordingly, IMSIF's objection to the Magistrate Judge's recommendation with respect to Count III is sustained and Count III will be dismissed.

**D.   Count IV of the Amended Complaint States a Claim.**

In Count IV, Union Pacific requests a permanent injunction, issued under the All Writs Act and the relitigation exception to the Anti-Injunction Act, barring IMSIF from "directly bringing any such action or indirectly encouraging any of its insureds, lawyers, or others from doing so."  D/e 22, ¶ 37.  To state a claim for a permanent injunction, Union Pacific must allege success on the merits and no adequate remedy at law.  <u>Carr v. Tillery</u>, 2010 WL 1963398, at *10 (S.D. Ill. May 17, 2010).

IMSIF objects to the Magistrate Judge's recommendation against dismissing Count IV because: (1) the relitigation exception should not apply because IMSIF cannot be precluded from bringing claims; (2) Union Pacific has not alleged sufficient facts to state a claim, and specifically has not alleged irreparable harm; and (3) the requested injunction is overbroad.

IMSIF's first objection is the same as IMSIF's argument for dismissal of Count I and succeeds to the same extent.  Union Pacific has sufficiently alleged that the relitigation exception applies to claims acquired by IMSIF prior to the entry of judgment in Gillespie and/or the 2017 Case.

IMSIF's second objection cannot be sustained because Union Pacific is not required to allege irreparable harm in addition to alleging the lack of an adequate remedy at law.  See Crane by Crane v. Indiana High Sch. Athletic Ass'n, 975 F.2d 1315, 1326 (7th Cir. 1992) ("[I]rreparable injury is not an independent requirement for obtaining a permanent injunction; it is only one basis for showing the inadequacy of the legal remedy.") (quoting Jennings Water, Inc. v. City of North Vernon, 895 F.2d 311, 318 n. 6 (7th Cir.1989)).  For the reasons set forth in the R&R, Union Pacific has alleged facts sufficient to show that it lacks an adequate remedy at law.

IMSIF's third objection fares better.  Under the relitigation exception to the Anti-Injunction Act, a federal court may issue injunctions against state court litigation in order to "effectuate [the federal court's] judgments."  28 U.S.C. § 2283.  On its face, this provision does not allow a federal court to issue injunctions against

state-court litigation in order to effectuate a state court's judgments. An injunction to give preclusive effect to the <u>Gillespie</u> court's decisions regarding assumption of liability and direct participation, therefore, would not fall within the relitigation exception.

IMSIF is technically correct that the relitigation exception to the Anti-Injunction Act "does not authorize injunctive relief prohibiting the filing of further federal lawsuits." D/e 36, p. 24. However, the Anti-Injunction Act does not prohibit injunctions prohibiting the filing of federal lawsuits in the first place, so there is no need for an exception allowing such an injunction. The Court agrees with Magistrate Judge Schanzle-Haskins's finding that "if a party repeatedly brings lawsuits not barred by claim preclusion (res judicata) against the same defendant in an attempt to relitigate issues that have already been decided in prior cases," the defendant may be entitled to an injunction against the filing of such suits in federal court. <u>See</u> d/e 34, p. 33 (citing <u>Perry</u>, 227 F.3d at 954).

Accordingly, the Court finds that Count IV of the Amended Complaint does state a claim. While Union Pacific will not be able to obtain an injunction against state court litigation in order to give

preclusive effect to the <u>Gillespie</u> court's judgment, Union Pacific has adequately alleged the availability of such an injunction in order to give preclusive effect to this Court's judgment in the 2017 Case. Additionally, Union Pacific has adequately alleged the availability of an injunction against further litigation in federal court.

**E.    The Settlement Information in the Amended Complaint Is Admissible Under Rule 408(b).**

IMSIF objects to Judge Schanzle-Haskins's recommendation that IMSIF's Motion to Strike be denied.  IMSIF asserts that the confidential settlement information has been offered "to prove or disprove the validity or amount of a disputed claim" and is therefore barred by Fed. R. Evid. 408(a).  However, as set forth in the R&R, Rule 408(b) allows evidence to be admitted in order to show that an actual controversy exists.  The Court, therefore, accepts and adopts Judge Schanzle-Haskins's analysis of IMSIF's Motion to Strike and denies the Motion to Strike.

### IV.  CONCLUSION

For the reasons stated, Defendant Illinois Mine Subsidence Fund's Objections (d/e 35) to the Report and Recommendation (d/e 34) of Magistrate Judge Schanzle-Haskins are SUSTAINED IN

PART and OVERRULED IN PART.  The Report and Recommendation is ADOPTED IN PART.  Specifically, the Court adopts the Statement of Facts, the analysis of subject-matter jurisdiction and fitness for declaratory relief, the analysis of IMSIF's Motion to Dismiss Counts II and V of the Amended Complaint, and the analysis of IMSIF's Motion to Strike from Magistrate Judge Schanzle-Haskins's Report and Recommendation.  The Court DECLINES TO ADOPT Magistrate Judge Schanzle-Haskins's findings and recommendations with respect to Counts I, III, and IV of the Amended Complaint. Defendant IMSIF's Motion to Dismiss (d/e 22) is GRANTED IN PART and DENIED IN PART.  IMSIF's Motion to Strike is DENIED.  Count II of Union Pacific's Amended Complaint (d/e 21) is DISMISSED in its entirety for failure to state a claim upon which relief can be granted.  Counts III and V of the Amended Complaint are DISMISSED in their entirety for lack of jurisdiction.  Counts I and IV of the Amended Complaint are DISMISSED IN PART. Defendant IMSIF is directed to answer the remaining allegations of the Amended Complaint within 14 days of this Order.

ENTER: March 31, 2022

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE