## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNION PACIFIC RAILROAD COMPANY,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 20-cv-3281** |
| | ) | |
| **ILLINOIS MINE SUBSIDENCE INSURANCE FUND,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Illinois Mine Subsidence Insurance Fund's ("Insurance Fund") Objections to Magistrate Judge's Order Granting Leave to File Second Amended Complaint (d/e 43) and Motion to Dismiss Second Amended Complaint (d/e 44). For the following reasons, Defendant's Objection (d/e 43) is DENIED. Plaintiff Union Pacific Railroad Company's ("Union Pacific") Second Amended Complaint (d/e 42) is ALLOWED. Defendant's Motion to Dismiss Second Amended Complaint (d/e 44) is GRANTED IN PART AND DENIED IN PART.

## I.   INTRODUCTION

On September 29, 2021, United States Magistrate Judge Schanzle-Haskins issued a Report and Recommendation ("R&R") on Defendant Insurance Fund's Motion to Dismiss and Strike (d/e 22). See d/e 34.  Magistrate Judge Schanzle-Haskins recommended that Insurance Fund's Motion to Dismiss be granted in part and denied in part and that Insurance Fund's Motion to Strike be denied. Specifically, the R&R recommended that Counts II and V of the Amended Complaint (d/e 21) filed by Plaintiff Union Pacific be dismissed and that Union Pacific be allowed to proceed on Counts I, III, and IV of the Amended Complaint.

On March 31, 2022, the Court adopted in part the R&R, granting in part and denying in part Insurance Fund's Motion to Dismiss (d/e 22).  See d/e 38.  The Court dismissed Count II of Union Pacific's Amended Complaint (d/e 21) in its entirety for failure to state a claim upon which relief can be granted, dismissed Counts III and V in their entirety for lack of jurisdiction, and dismissed in part Counts I and IV.  Id.

On June 14, 2022, Union Pacific filed a Motion for Leave to File a Second Amended Complaint.  See d/e 40.  On June 28, 2022, Insurance Fund filed a response in opposition to the motion.  See

d/e 41.  On August 25, 2022, United State Magistrate Judge Karen McNaught granted Union Pacific's Motion for Leave (d/e 40), without addressing Insurance Fund's objections.  <u>See</u> Text Order dated August 25, 2022.  On the same day, Union Pacific's Second Amended Complaint was filed.  <u>See</u> d/e 42.

In Count I, Union Pacific seeks declarations: (1) that claims Insurance Fund acquired before the entry of judgment are barred by collateral estoppel (issue preclusion) and res judicata (claim preclusion), consistent with the Court's March 31, 2022 opinion; (2) determining when a claim is "acquired"; and (3) "that [Insurance Fund] is the real party in interest" and "that [Insurance Fund] is in privity" once reimbursements are made.  Second Amended Complaint, d/e 42, ¶¶ 30, 31, 33.  Count II seeks a declaration regarding claims acquired by Insurance Fund after entry of judgment by providing factual grounds showing that nonparty preclusion is appropriate in this case.  <u>Id.</u> at ¶¶ 38–49.  Count III clarifies Union Pacific's request for an injunction in aid of any declaration made in Count I and II as well as the injunction the Court held Union Pacific was entitled to seek in its March 31, 2022 Opinion.  <u>Id.</u> at ¶¶ 50–54.

On September 7, 2022, Insurance Fund filed objections to Magistrate Judge McNaught's Order (d/e 43) and a Motion to Dismiss the Second Amended Complaint (d/e 44). Insurance Fund adopts and incorporates its Response to Motion for Leave (d/e 41) as support for both its objections to Magistrate Judge McNaught's Order and Motion to Dismiss the Second Amended Complaint. d/e 43, ¶ 4; d/e 44, ¶ 4. On October 21, 2022, Union Pacific filed its Response (d/e 46).

## II.   LEGAL STANDARD

### A. Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that if a party is not entitled to amend a pleading as a matter of course, it may amend "with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." Campania

Mgmt. Co. v. Rooks, Pitts & Poust, 290 F.3d 843, 848–49 (7th Cir. 2002).

### B. Motion to Dismiss

Defendant Insurance Fund moves to dismiss Plaintiff Union Pacific's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana, 768 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading need not contain "detailed factual allegations" to pass a Rule 12(b)(6) challenge but still must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). Moreover, while all factual allegations are accepted as true on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Iqbal, 556 U.S. at 678 ("A pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting <u>Twombly</u>, 550 U.S. at 555)).  Accordingly, a complaint will be dismissed if it is legally insufficient to the extent that no set of facts could support the claims raised.

### III.  FACTS

The following facts are taken from Plaintiff Union Pacific's Second Amended Complaint (d/e 42) and are accepted as true at the motion to dismiss stage.  <u>Bible v. United Student Aid Funds, Inc.</u>, 799 F.3d 633, 639 (7th Cir. 2015).

Insurance Fund was created by Illinois statute to provide reinsurance for insurance companies for damage caused by mine subsidence.  <u>See</u> Illinois Mine Subsidence Act, 215 ILCS 5/532 et seq.; Second Amended Complaint, d/e 42, ¶ 6.

The Superior Coal Company (Superior) was a subsidiary of the Chicago and Northwestern Railway (CNW).  <u>Id.</u> at ¶ 7.  Superior operated four coal mines in Macoupin County, Illinois, from 1904 to 1953 (the "Mines").  <u>Id.</u>  In 1957, Superior was dissolved.  <u>Id.</u>  In 1995, CNW was merged into Union Pacific.  <u>Id.</u> at ¶ 8.

Beginning in 1996, Insurance Fund sought reimbursement from Union Pacific for reinsurance claims paid to landowners who suffered damage to their properties due to subsidence of the Mines ("Mine Subsidence Claims").  Id. at ¶¶ 6, 8.  From 1996 to 2008, Union Pacific and Insurance Fund settled 21 Mine Subsidence Claims for less than a total of $1,000,000.  Id. at ¶ 8. Union Pacific denied liability and the parties agreed in the releases that the payments could not be construed as an admission of liability by Union Pacific.  Id.

In 2009, Insurance Fund presented a multi-million-dollar Mine Subsidence Claim for damage to a school in the town of Gillespie, located in Macoupin County, Illinois ("2009 Mine Subsidence Claim").  Id. at ¶ 9.  Union Pacific denied liability for the 2009 Mine Subsidence Claim and refused to pay the claim.  Id.  Insurance Fund and the Gillespie School District sued Union Pacific in Macoupin County, Illinois, Circuit Court.  Gillespie Community Unit School District No. 7 v. Union Pacific Railroad, 2012 IL App (4th) 110142-U, 2012 WL 7009965 ("2012 Opinion") and 2015 IL App (4th) 140877, 43 N.E.2d 1155 ("2015 Opinion").  Id. at ¶ 11.  In the 2009 Gillespie litigation, Insurance Fund alleged that CNW (and

thus Union Pacific) was liable for the 2009 Mine Subsidence Claim because Union Pacific was a successor to CNW.  Id. at ¶ 10.  The plaintiffs in the 2009 Case, including Insurance Fund, alleged that CNW (and thus Union Pacific) was liable for the Mine Subsidence Claim because:

> (1) CNW agreed to assume all of Superior's liabilities including contingent liabilities for future subsidence claims as part of Superior's dissolution [**hereinafter Assumption of Liabilities**]; (2) CNW was a direct participant in Superior's business operations [**hereinafter Direct Participation Liability**]; or (3) CNW operated CNW and Superior as a single entity so that the two corporations were "alter egos" of each other and, therefore, the court should "pierce the corporate veil" between Superior and its stockholder CNW, and hold CNW liable for Superior's debts [**hereinafter Alter Ego Liability**].

Id.

The Illinois Appellate Court for the Fourth District (Illinois Appellate Court) entered both the 2012 and the 2015 Opinions in Gillespie.  Id. at ¶ 11.  The Illinois Appellate Court found that Union Pacific was not liable under Insurance Fund's Assumption of Liabilities issue because at the dissolution of Superior in 1957, CNW only agreed to assume Superior's perfected past liabilities and did not assume responsibility for unknown, contingent liabilities such as the 2009 Mine Subsidence Claim.  Id. at ¶ 12; 2015

Opinion ¶¶ 103–114.  The Illinois Appellate Court also found that CNW was not liable under the Direct Participation Liability issue. d/e 42, ¶ 13; 2015 Opinion ¶¶ 116–19.

The Illinois Appellate Court reversed summary judgment on Insurance Fund's Alter Ego Liability Issue, finding that issues of fact existed that prevented summary judgment.  d/e 42, ¶ 14; 2015 Opinion ¶¶ 8, 173–74, 179.  The parties settled <u>Gillespie</u> on remand without further rulings on the Alter Ego Liability issue.  d/e 42, ¶ 15.

In 2017, Insurance Fund sued Union Pacific in the Central District of Illinois for reimbursement of reinsurance claims paid on Mine Subsidence Claims for damage to two homes in Macoupin County ("2017 Mine Subsidence Claims").  <u>Id.</u> at ¶ 16; <u>Illinois Mine Subsidence Ins. Fund v. Union Pac. R.R. Co.</u>, No. 17-CV-3199, 2019 WL 4015883, at *1 (C.D. Ill. August 26, 2019) ("2019 Opinion").  Insurance Fund sought reimbursement as a subrogee to County Mutual Insurance Company, which had paid claims to two homeowners: the Bessermans (for $163,000) and the Bertolinos (for $71,400).  d/e 42, ¶ 17.  Insurance Fund alleged Union Pacific, as successor to CNW, was liable for the 2017 Mine Subsidence Claims

under the same Alter Ego Liability issue raised in <u>Gillespie</u>.  <u>Id.</u> at ¶

18.  Insurance Fund also alleged that Union Pacific, as successor to

CNW, was liable for damage from subsidence of the Mines because

the dissolution of Superior in 1957 was a de facto merger of CNW

and Superior (De Facto Merger Liability).  <u>Id.</u> at ¶ 19.  The Court

found that Union Pacific was not liable under the Alter Ego Liability

issue or the De Facto Merger Liability Issue.  <u>Id.</u> at ¶¶ 18, 19; 2019

Opinion.  Insurance Fund filed a notice of appeal to the Seventh

Circuit Court of Appeals but dismissed the appeal in January 2020.

d/e 42, ¶ 20; 2020 WL 1682791 (7th Cir. Jan. 6, 2020).

During the course of the 2017 Case, Insurance Fund and

Union Pacific engaged in settlement negotiations over all of the

outstanding and potential Mine Subsidence Claims.  d/e 42, ¶ 21.

Insurance Fund stated that its exposure for reinsurance of Mine

Subsidence Claims was between $46 million to $234 million.  <u>Id.</u> at

¶ 22.  Insurance Fund made a settlement demand for $69,631,344

to settle all current and future Mine Subsidence Claims.  <u>Id.</u>  These

negotiations were only between Insurance Fund and Union Pacific.

<u>Id.</u> at ¶ 24.  The discussions were not successful.  <u>Id.</u> at ¶¶ 20–24.

Since 2011, Insurance Fund has tendered to Union Pacific sixty-four Mine Subsidence Claims totaling $6 million ("Tendered Mine Subsidence Claims").  Id. at ¶ 25.  The parties agreed to toll the statute of limitations on twenty-five claims during the pendency of the 2017 Case.  Id.  In August 2020, Union Pacific declined to enter any more tolling agreements.  Id. at ¶ 26.

On September 16, 2020, Insurance Fund filed the Hill Complaint.  Id. at ¶ 27.  The Hill Complaint asserts three bases for liability against Union Pacific, that:

> (1) Union Pacific's corporate predecessor, CNW, expressly assumed the liabilities of its subsidiary, when Superior was dissolved in the 1950s; (2) Union Pacific assumed the liabilities of Superior as a result of Superior being CNW's alter ego; and (3) Union Pacific is a successor to Superior's liabilities through a "related entity."

Id.  The Hill Complaint alleges the same Assumption of Liabilities issue resolved in Gillespie and the Alter Ego Liability issue resolved in the 2019 Opinion.  Id. at ¶ 28.  The Hill Complaint additionally alleges that Union Pacific is liable under a Successor Liability for a Related Entity theory because Union Pacific is the successor in interest of CNW.  Id.

## IV.  ANALYSIS

"[A] federal court sitting in diversity applies the substantive law of the state in which it is sitting[.]"  <u>Protective Life Ins. Co. v. Hansen</u>, 632 F.3d 388, 392 (7th Cir. 2011); <u>see also</u> <u>Nat'l Am. Ins. Co. v. Artisan & Truckers Case. Co.</u>, 796 F.3d 717, 723 (7th Cir. 2015).  Because the Court has diversity jurisdiction over this action and is sitting in Illinois, and because neither party has provided any indication that it believes a different state's law should apply, Illinois substantive law and federal procedural law apply.  <u>Hahn v. Walsh</u>, 762 F.3d 617, 629 (7th Cir. 2014); <u>see</u> <u>RLI Ins. Co. v. Conseco, Inc.</u>, 543 F.3d 384, 390 (7th Cir. 2008).

### A. Union Pacific's Second Amended Complaint is Allowed.

Federal Rule of Civil Procedure 15(a)(2) provides a liberal approach to amending pleadings.  Giving leave to amend freely is "especially advisable when such permission is sought after the dismissal of the first complaint. Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."  <u>Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n</u>, 377 F.3d 682, 687 (7th Cir. 2004).

When it is clear that a defect cannot be corrected such that amendment is futile, denial of leave to amend and entry of an immediate final judgment may do no harm.  <u>See</u> <u>Runnion</u>, 786 F.3d at 520.  However, cases of clear futility are rare.  <u>Id.</u>

Insurance Fund argues that Union Pacific's Second Amended Complaint is futile.  <u>See</u> d/e 41. As the Court analyzes below, <u>see infra</u> Section IV.B, Union Pacific's Second Amended Complaint did not fail to state a claim upon which relief could be granted in its entirety.  Read in conjunction with the liberal standard for amending pleadings, Magistrate Judge McNaught's allowance of Union Pacific's Second Amended Complaint's filing was appropriate.  Therefore, the Court denies Defendant's Objection (d/e 43) and Union Pacific's Second Amended Complaint is allowed.

### B. Insurance Fund's Motion to Dismiss is Granted in Part and Denied in Part.

Insurance Fund argues that Union Pacific's Second Amended Complaint should be dismissed because: (1) Count I seeks a ruling on matters already decided by the Court, and Union Pacific has not provided any basis for seeking reconsideration; (2) Count II is based entirely on legal conclusions and reads like an appellate brief, not a

complaint; and (3) Count III seeks injunctive relief assuming Union Pacific prevails on Counts I and II, and those counts provide it no basis for relief.  d/e 44, ¶ 3.

### 1. Count I Contains Sufficiently Pled Claims That Have Not Been Waived or Resolved.

In Count I, Union Pacific seeks declarations that Insurance Fund is barred from litigating subsidence damage claims based on the doctrines of issue and claim preclusion by virtue of: (1) the Gillespie case and (2) the 2019 Opinion.  Specifically, Union Pacific seeks to apply preclusion on the issues of Assumption of Liabilities, Direct Participation Liability, Alter Ego Liability, and De Facto Merger Liability (collectively, the "Precluded Issues") in Mine Subsidence Claim Actions.

### a. Union Pacific Did Not Waive Its Claim Preclusion Issue.

Insurance Fund objects to Union Pacific's request for a declaration that Insurance Fund is barred from litigating subsidence damage claims based on res judicata (claim preclusion) because it has been waived under Federal Rule of Civil Procedure Rule 72(a).  See d/e 44, Ex. A, p. 3.  Specifically, Insurance Fund argues that the res judicata issue was contained in original Count II

of Union Pacific's Amended Complaint, which the Court dismissed

in its March 31, 2022 Order by adopting Magistrate Judge

Schanzle-Haskins R&R.  Id.  Original Count II of Union Pacific's

Amended Complaint sought a declaration that:

> In the 2017 Case, [Insurance Fund] did or could have
> raised all theories by which Union Pacific could be liable
> for the actions of Superior Coal and accordingly [Insurance
> Fund] and its privies are barred by res judicata from
> relitigating any such theory.

Amended Complaint, d/e 21, ¶ 31.

To allege claim preclusion under federal or Illinois law, three

criteria must be met: "(1) identity of parties, (2) identity of claims,

and (3) a prior final judgment on the merits." Daza v. State, 2 F.4th

681, 683 (7th Cir. 2021); see Hudson v. City of Chicago, 889 N.E.2d

210, 213 (Ill. 2008).  The Court's 2019 Opinion and the Illinois

Appellate Court in Gillespie found for Union Pacific on the

Precluded Issues.  Specifically, the Illinois Appellate Court in

Gillespie affirmed judgment in favor of Union Pacific on the

Assumption of Liability and Direct Participation Liability Issues.

Insurance Fund did not appeal the decision. Insurance Fund and

Union Pacific tried the Alter Ego Liability and De Facto Merger

Liability issues in the 2017 Case before this Court.  In its 2019

Opinion, the Court found for Union Pacific on both issues. Insurance Fund appealed, but later dismissed the appeal. In other words, the Precluded Issues were all actually litigated and decided in a final judgment.

However, Magistrate Judge Schanzle-Haskins found that Union Pacific failed to state a claim in original Count II of its Amended Complaint because it failed to allege that other Mine Subsidence Claims are the same cause of action as the causes of action in <u>Gillespie</u> or the 2017 Case. d/e 34, pp. 29–30. He found that "[o]ther Mine Subsidence Claims arise from different sets of operative facts involving different damages to different properties with different owners at different times in different places. As a result, claim preclusion, or res judicata, does not apply." <u>Id.</u> at p. 30.

Insurance Fund first argues that Union Pacific failed to timely object to Magistrate Judge Schanzle-Haskins R&R and thus waived the claim preclusion issue. d/e 44, Ex. A, p. 3. Federal Rule of Civil Procedure 72(a) provides that "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy. A party may not assign as error a defect in the

order not timely objected to." Fed. R. Civ. P. 72(a). Because Union
Pacific does not object to Magistrate Judge Schanzle-Haskins'
findings regarding original Count II of its Amended Complaint,
Federal Rule of Civil Procedure 72(a) does not apply.

Rather, Count I of the Second Amended Complaint seeks to
remedy the deficiencies that Magistrate Judge Schanzle-Haskins
identified in original Count II of Union Pacific's Amended
Complaint. Specifically, Union Pacific clarifies in Count I of its
Second Amended Complaint that "the facts out of which any
liability could arise are necessarily the facts about what happened
before 1958 regarding Superior" because "[t]hose were the only facts
on which evidence was offered, findings submitted, or an opinion
issued in the 2017 Case." d/e 42, ¶ 37. Furthermore, Union
Pacific alleges that "[t]he specifics of any given subsidence were
irrelevant beyond determining the amount to be paid" and that at
"the time the 2017 Case was litigated, [Insurance Fund] could have
asserted all claims it had acquired without changing what was
litigated and decided." Id.

Union Pacific's amendment clarifying that it seeks claim
preclusion on "the facts about what happened before 1958

regarding Superior Coal" remedies the deficiencies that Magistrate Judge Schanzle-Haskins identified in his R&R.  d/e 42, ¶ 37.  By doing so, Union Pacific alleges that other Mine Subsidence Claims are the same cause of action as the causes of action in <u>Gillespie</u> or the 2017 Case.  As a result, Union Pacific sufficiently alleges a claim and the Court declines to dismiss Count I of the Second Amended Complaint on the basis of claim preclusion.

### b. The Court Did Not Resolve Issue Preclusion In Its March 31, 2022 Opinion.

Insurance Fund objects to Union Pacific's request for a declaration that Insurance Fund is barred from litigating subsidence damage claims based on collateral estoppel (issue preclusion) because it is an issue already ruled upon by the Court in its March 31, 2022 Opinion.  <u>See</u> d/e 44, Ex. A, pp. 3–4. Specifically, Insurance Fund takes issue with Union Pacific's requests that the Court decide when a claim is "acquired," issue a declaration that Insurance Fund is a real party in interest and in privity when reimbursements are made, and to make a

determination that Insurance Fund is the "real party in interest"

under certain conditions.  d/e 44, Ex. A, p. 3.

To allege issue preclusion under federal law, four criteria must

be met:

> (1) the issue sought to be precluded must be the same as that involved in the prior action, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.

La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V., 914 F.2d 900,

906 (7th Cir. 1990) (citation omitted).  Under Illinois law, similar

criteria must be met:

> (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

Dunlap v. Nestle USA, Inc., 431 F.3d 1015, 1018 (7th Cir. 2005)

(citing Herzog v. Lexington Township, 657 N.E.2d 926, 929–30 (Ill.

1995)).

The Court's March 31, 2022 Opinion found that "Union Pacific

may be entitled to a declaration that [Insurance Fund] is precluded

from relitigating a given legal issue with respect to a given claim if

[Insurance Fund] acquired the claim **prior to the issuance of judgment** in an earlier case in which the issue sought to be precluded was fully litigated." d/e 38, p. 21 (emphasis added). The Court further found that "with respect to claims acquired by [Insurance Fund] **before entry of judgment** in the 2017 Case and/or <u>Gillespie</u>, Union Pacific has stated a claim upon which relief can be granted." <u>Id.</u> at p. 22 (emphasis added).

Union Pacific's Second Amended Complaint seeks clarity as to the Court's ruling that Union Pacific sufficiently alleges issue preclusion. Union Pacific seeks a declaration as to when a claim is "acquired" as Union Pacific and Insurance Fund hold differing positions. Union Pacific also seeks either a clear admission by Insurance Fund or a finding by the Court that "[Insurance Fund] is the real party in interest" or that "[Insurance Fund] is in privity" once reimbursements are made. Such amendments are consistent with the Court's March 31, 2022 Opinion. As a result, Union Pacific sufficiently alleges a claim and the Court declines to dismiss

Count I of the Second Amended Complaint on the basis of issue preclusion.

### 2. Count II is Dismissed for Failure to State a Cause of Action.

In Count II, Union Pacific pleads that Insurance Fund is a party bound by the <u>Gillespie</u> and 2019 Opinion in the 2017 Case for the purposes of issue preclusion on claims acquired by Insurance Fund **after** entry of judgment.  Specifically, Union Pacific argues that Insurance Fund, as a litigant in the 2017 Case, should be treated as in privity with Insurance Fund as subrogee of Superior Mine Subsidence Claims whenever acquired, given that such claims are dependent on determining the legal effect of pre-1958 facts relating to Superior.  d/e 46, pp. 11–12.  Union Pacific cites <u>Taylor v. Sturgell</u>, alleging that four categories identified in <u>Taylor</u> are relevant to demonstrate that Insurance Fund falls under an exception to the general rule against nonparty preclusion.  d/e 42, ¶ 39; 553 U.S. 880 (2008).  Insurance Fund moves to dismiss Count II on the grounds that it fails to set forth a cause of action and is based entirely on legal conclusions.  Insurance Fund also opposes Union Pacific's incorporation of <u>Taylor</u> and asserts that it

does not provide a basis for reconsideration.  d/e 43, p. 9.  Further,

Insurance Fund argues that Union Pacific's reliance on <u>Taylor</u> is

without merit.  <u>Id.</u> at p. 6.

Whether a party is bound by the doctrine of issue preclusion

depends on whether the party in the new case had a full and fair

opportunity to litigate the issues in the prior case.  <u>Taylor</u>, 553 U.S.

at 892–93.  The general rule against nonparty issue preclusion is

that "one is not bound by a judgment *in personam* in a litigation in

which he is not designated as a party or to which he has not been

made a party by service of process."  <u>Hansberry v. Lee</u>, 311 U.S. 32,

40 (1940).  This general rule is subject to exceptions where there

exist:

> (1) nonparty agreement to be bound in a prior action; (2)
> nonparty control over the prior action; (3) adequate
> representation of the nonparty by the party to the
> judgment in the prior action; (4) a substantive legal
> relationship between the party to the judgment in the prior
> action and the nonparty; (5) relitigation of the prior action

through a proxy; and (6) the existence of a special
statutory scheme providing for nonparty issue preclusion.

Cannon v. Armstrong Containers Inc., 92 F.4th 688, 708 (7th Cir.

2024) (citing Taylor, 553 U.S. at 893–95)).

The Court agrees that Count II of Union Pacific's Second

Amended Complaint largely reads like a brief by analyzing and

applying Taylor to the instant case.  However, in doing so, Union

Pacific alleges new facts relevant to the application of Taylor.  See

d/e 42, ¶¶ 40–47.  The Court finds, however, that Count II appears

as an attempt to ask the Court to reconsider its March 31, 2022

Opinion.

A motion to reconsider performs a function where:

the Court has patently misunderstood a party, or has
made a decision outside the adversarial issues presented
to the Court by the parties, or has made an error not of
reasoning but of apprehension.  A further basis for a
motion to reconsider would be a controlling or significant
change in the law or facts since the submission of the
issue to the Court. Such problems rarely arise[,] and the
motion to reconsider should be equally rare.

Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d
1185, 1191 (7th Cir. 1990) (citation omitted).

Union Pacific did not file a motion to reconsider the Court's

March 31, 2022 Opinion.  In the Court's March 31, 2022

Opinion, the Court partially dismissed original Count I of Union Pacific's Amended Complaint.  Original Count I sought a declaration that Insurance Fund and its privies are precluded from relitigating the Assumption of Liability and Direct Participation Theory issue that the Illinois Appellate Court rejected in the 2015 Opinion in Gillespie, as well as the Alter Ego Theory and the De Facto Merger Theory issues that the Court rejected in its 2019 Opinion in the 2017 Case.  The Court disagreed with Magistrate Judge Schanzle-Haskins who found that Insurance Fund is a party bound by the Gillespie and 2019 Opinion judgments for the purposes of issue preclusion.  d/e 38, p. 20.  Rather, applying Perry Globe Auto Recycling, Inc., the Court found that "[Insurance Fund] cannot be barred from relitigating the [Assumption of Liability Theory] or [Direct Participation Theory] with respect to any claim that [Insurance Fund] **had not yet acquired when judgment issued** in Gillespie" and that "[Insurance Fund] cannot be barred from relitigating the [Alter Ego Theory] or [De Facto Merger Theory] with respect to any claim that [Insurance Fund] **had not yet**

**acquired when judgment issued** in the 2017 case." Id. at 21–
22 (emphasis added).  The Court reiterates that finding here.

Furthermore, Count II of Union Pacific's Second Amended
Complaint acknowledges that while the Court's March 31, 2022
Opinion held that nonparty issue preclusion "is not available,"
it "replead[s] that party issue should apply" and "given the
Court's opinion, [] plead in more detail alternative allegations
supporting 'nonparty issue preclusion[.]'"  d/e 42, ¶ 38.  The
Court has already ruled on the issue contained in Count II.
Moreover, Taylor was existing law prior to the Court's March 31,
2022 Opinion and does not provide a basis for reconsideration.
Thus, the Court dismisses Count II of the Second Amended
Complaint.

### 3. Count III Sufficiently States a Claim as to Count I.

In Count III, Union Pacific seeks injunctive relief to the extent
it prevails on Counts I and II and to what the Court previously held
Union Pacific was entitled to seek in its March 31, 2022 Opinion.

Original Count IV of Union Pacific's Amended Complaint asked
the Court to "enjoin [Insurance Fund] from directly bringing any
such action or indirectly encouraging any of its insureds, lawyers,

or others from doing so and should require [Insurance Fund] to give
notice of such injunction to all its lawyers and insureds sufficient to
bind them under Federal Rule of Civil Procedure 65(d)(2)."
Amended Complaint, d/e 21, ¶ 37.  Count III of the Second
Amended Complaint is nearly identical to original Count IV of the
Amended Complaint but seeks to clarify what was sought in original
Count IV.

In the Court's March 31, 2022 Opinion, the Court dismissed
in part original Count IV.  d/e 38, p. 26.  The Court found:

> [w]hile Union Pacific will not be able to obtain an
> injunction against state court litigation in order to give
> preclusive effect to the Gillespie court's judgment, Union
> Pacific has adequately alleged the availability of such an
> injunction in order to give preclusive effect to this Court's
> judgment in the 2017 Case.  Additionally, Union Pacific
> has adequately alleged the availability of an injunction
> against further litigation in federal court.

Id. at pp. 26–27.

Union Pacific asserts that, while the Court construed its
original Count IV to request injunctions to enforce rulings made
in Gillespie, Union Pacific only seeks injunctions related to the
instant case (to the extent it prevails on Counts I and II) and the
2017 Case.  Such relief is consistent with the Court's March 31,

2022 Opinion.  The Court assumes familiarity with its analysis in its March 31, 2022 Opinion.  <u>Id.</u> at pp. 24–27.  The Court has dismissed Count II of the Second Amended Complaint.  <u>See supra</u> Section IV.B.2.  Thus, the Court dismisses Count III of the Second Amended Complaint as it relates to Count II, contained in paragraph 54.  <u>See</u> d/e 42, ¶ 54.

## V.  CONCLUSION

For the reasons stated above, Defendant Insurance Fund's Objection to Magistrate Judge's Order Granting Leave to File Second Amended Complaint (d/e 43) is DENIED.  Plaintiff Union Pacific's Second Amended Complaint (d/e 42) is ALLOWED. Defendant Insurance Fund's Motion to Dismiss (d/e 44) is GRANTED IN PART and DENIED IN PART.  Count II of Union Pacific's Second Amended Complaint (d/e 42) is DISMISSED in its entirety for failure to state a claim upon which relief can be granted. Count III of the Second Amended Complaint is DISMISSED IN PART.

**ENTERED:  March 25, 2024.**

**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**