IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20-cv-3281 |
| ) | |
| ILLINOIS MINE SUBSIDENCE ) | |
| INSURANCE FUND, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, United State District Judge**

Before the Court is Plaintiff Union Pacific Railroad Company's ("Union Pacific") Motion for Entry of Judgment (d/e 54). Plaintiff's Motion (d/e 54) is DENIED.

I.     BACKGROUND

On August 25, 2022, Plaintiff Union Pacific filed its Second Amended Complaint. See d/e 42. In Count I, Union Pacific seeks declarations: (1) that claims Defendant Illinois Mine Subsidence Insurance Fund ("Insurance Fund") acquired before the entry of judgment are barred by collateral estoppel (issue preclusion) and res judicata (claim preclusion), consistent with the Court's March

31, 2022 opinion; (2) determining when a claim is "acquired"; and (3) "that [Insurance Fund] is the real party in interest" and "that [Insurance Fund] is in privity" once reimbursements are made. Second Amended Complaint, d/e 42, ¶¶ 30, 31, 33. Count II seeks a declaration regarding claims acquired by Insurance Fund after entry of judgment by providing factual grounds showing that nonparty preclusion is appropriate in this case. Id. at ¶¶ 38–49. Count III clarifies Union Pacific's request for an injunction in aid of any declaration made in Count I and II as well as the injunction the Court held Union Pacific was entitled to seek in its March 31, 2022 Opinion. Id. at ¶¶ 50–54.

On March 26, 2024, the Court granted in part and denied in part Insurance Fund's Motion to Dismiss (d/e 44). See d/e 47. In the Court's Opinion and Order, the Court dismissed Count II of Union Pacific's Second Amended Complaint in its entirety for failure to state a claim upon which relief could be granted. Id. at pp. 21–25. The Court also dismissed Count III in part, as it related to the fully dismissed Count II of the Second Amended Complaint. Id. at pp. 25–27. Count III remains to the extent it relates to Count I. Id. On April 11, 2024, Union Pacific appealed the Court's March 26,

2024 Opinion, to the extent it denied Union Pacific's request for an injunction barring the Insurance Fund from bringing claims acquired by the Insurance Fund after the entry of judgments in prior matters litigated between the parties.  See d/e 51.

On April 22, 2024, Union Pacific filed its Motion for Entry of Judgment.  See d/e 54.  On May 6, 2024, Insurance Fund filed its Response.  See d/e 58.  On May 16, 2024, Union Pacific filed a Motion for Leave to File Reply.  See d/e 61.  On May 20, 2024, United States Magistrate Judge Karen McNaught granted the motion for leave to file a reply, and the Clerk docketed Union Pacific's Reply.  See d/e 62.

Union Pacific asks the Court to direct entry of final judgment on Union Pacific's dismissed claims in the Court's March 26, 2024 Opinion pursuant to Federal Rule of Civil Procedure 54(b).  Union Pacific also moves, pursuant to 28 U.S.C. § 1292(b), for certification of two issues decided by the March 26, 2024 Opinion: (1) whether the non-party preclusion rule of Taylor v. Sturgell, 533 U.S. 880 (2008), bars Insurance Fund from relitigating claims in cases that arise after the decision and (2) whether issue preclusion bars such relitigation on the basis that Perry v. Globe Auto Recycling, Inc.,

227 F.3d 950 (7th Cir. 2000) applies only to claim and not issue preclusion.  See d/e 54.

## II.    LEGAL STANDARD

### A. Federal Rule of Civil Procedure 54(b)

"The general rule is that 'appellate review must await final judgment.'"  Groves v. United States, 941 F.3d 315, 319 (7th Cir. 2019) (quoting Nutraceutical Corp. v. Lambert, 586 U.S. 188, 196 (2019)).  Federal Rule of Civil Procedure 54(b) allows a district court "dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay."  Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 3 (1980).  "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties."  R.D. Lottie v. W. Am. Ins. Co., 408 F.3d 935, 938 (7th Cir. 2005).

The Seventh Circuit has cautioned that "Rule 54(b) does not give district judges carte blanche to make interlocutory orders final and therefore appealable."  Estate of Drayton v. Nelson, 53 F.3d

Page **4** of **13**

165, 167 (7th Cir. 1994).  The Seventh Circuit has further explained that "[t]he Rule 54(b) procedure, if misused, can generate needless or duplicative appeals." Bank of Lincolnwood v. Fed. Leasing, Inc., 622 F.2d 944, 948 (7th Cir. 1980).  District courts have a great deal of discretion in determining whether it is appropriate to certify an order for appeal, and there is no precise test but "the standard against which a district court's exercise of discretion is to be judged is the interest of sound judicial administration." Id. at 949.

### B. 28 U.S.C. § 1292(b)

If an order is not otherwise appealable under 28 U.S.C. § 1292 but the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," the court "shall so state in writing in such order."  28 U.S.C. § 1292(b).  Doing so gives the Court of Appeals discretion to permit an appeal from the order "if application is made to it within ten days after the entry of the order." Id.  If a court does not include a § 1292(b) certification in its original order, it may amend

the order to include such a certification. See Fed. R. App. P. 5(a)(3). The court should not certify an order for interlocutory appeal under § 1292(b) unless it involves "a question of law" that is "controlling" and "contestable," resolution of which would "promise to speed up the litigation." Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000).

### III.  ANALYSIS

#### A. The Court Declines to Certify Union Pacific's Dismissed Claims Pursuant to Rule 54(b).

Rule 54(b) of the Federal Rules of Civil Procedure permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" if the (1) action involves "separate claims" and there is a "final judgment" as to one, and (2) the district court determines that there is no just reason for delay. Curtiss-Wright, 446 U.S. at 1; see also Cent. Laborers' Pension Fund v. AEH Constr., Inc., No. 14-3052, 2015 WL 5450350, at *2 (C.D. Ill. Sept. 15, 2015). The grant of Rule 54(b) certification is left to the sound discretion of the district court. Curtiss-Wright, 446 U.S. at 10.

This Court's March 26, 2024 Opinion granted in part and denied in part Insurance Fund's Motion to Dismiss the Second Amended Complaint.  See d/e 47.  The March 26, 2024 Opinion denied the Motion to Dismiss as to Count I, finding that Union Pacific had stated a claim for a declaration that mine subsidence claims acquired by Insurance Fund **before** the Gillespie Cmty. Unit Sch. Dist. No. 7 v. Union Pac. R.R., 2012 IL App (4th) 110142-U and 2015 IL App (4th) 140877 ("Gillespie"), and Illinois Mine Subsidence Ins. Fund v. Union Pac. R.R. Co., No. 16-CV-3199, 2019 WL 4015833 (C.D. Ill. August 29, 2019) ("2019 Opinion"), are barred by issued preclusion and stated a claim for an injunction (Count III) based on that declaration.  Id.  The March 26, 2024 Opinion further granted Insurance Fund's motion to dismiss Union Pacific's claim for a declaration that Insurance Fund is barred from bringing claims acquired **after** the Gillespie opinions and the 2019 Opinion and denied the request (under Count III) for an injunction enforcing such a declaration.

Union Pacific appealed the Court's March 26, 2024 Opinion to the "extent it denied Union Pacific's request for an injunction barring the [Insurance] Fund from bringing claims acquired by the

[Insurance] Fund after the entry of judgments in prior matters litigated between the parties." d/e 51. Specifically, Union Pacific's appeal seeks a ruling on whether: (1) non-party preclusion rule of Taylor applies; and (2) Perry applies only to claim and not issue preclusion. Union Pacific seeks entry of final judgment on its dismissed claims.

### 1. Count I and Count II of the Second Amended Complaint Constitute Separate Claims.

The Seventh Circuit has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." R.D. Lottie, 408 F.3d at 938–39. "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." Id. at 939. "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal."

Id. The Court finds that the claims on appeal and the claims still pending in the district court are separate for Rule 54(b) purposes.

All of Union Pacific's claims against Insurance Fund arise from the same general factual background. However, Count I and the appealed Count II do not contain intertwined legal theories and, instead, seek separate recoveries. Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 518 F.3d 459, 464 (7th Cir. 2008) ("Even if two claims arise from the same event or occurrence, they may be separable for Rule 54(b) purposes if they rely on entirely different legal entitlements yielding separate recoveries, rather than different legal theories aimed at the same recovery.").

In Count I, and the corresponding portions of Count III, of the Second Amended Complaint, Union Pacific seeks a declaration and injunction barring claims acquired by Insurance Fund **before** the Gillespie opinions and the 2019 Opinion based on **issue preclusion** and **claim preclusion**. In Count II, and the corresponding portions of Count III, Union Pacific seeks a declaration and injunction barring claims acquired **after** the 2019 Opinion based on **non-party claim preclusion** and **issue preclusion**.

Count I and Count II seek recoveries for different time periods. Union Pacific's appeal on the dismissed Count II involves only claims acquired after 2019, while Count I, the claim remaining in the district court, involves only claims acquired before 2019. Moreover, the legal issues on appeal—non-party claim preclusion and issue preclusion—do not overlap with the legal issues remaining in District Court. This Court's March 26, 2024 Opinion found that Count I stated a plausible claim for relief on the grounds of both claim and issue preclusion on mine subsidence claims acquired by Insurance Fund before 2019. See d/e 47, pp. 14–21. As a result, non-party and issue preclusion do not necessarily need to be considered for claims acquired before 2019, and the claims are separable for Rule 54(b) purposes.

**2. The Court Finds That Just Reason for Delay Exists.**

However, after considering "judicial administrative interests as well as the equities involved," the Court finds that just reason to delay Union Pacific's appeal exists. Curtiss-Wright Corp., 446 U.S. at 8. "In determining whether there is no just reason for delay, the district court may properly consider all of the consequences of a final judgment or the lack thereof and balance the competing

interests of the parties in the context of the particular case." Bank of Lincolnwood v. Fed. Leasing, Inc., 622 F.2d 944, 949 (7th Cir. 1980).  A non-exclusive list of factors for the Court to consider was given by the Seventh Circuit:

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. at 949 (7th Cir. 1980).

Granting certification here would run counter to the conservation of judicial resources.  Certification here would split this case into two separate cases.  The Court of Appeals would be required to examine the facts of this case for Union Pacific's interlocutory appeal, and a second time if the appeal is taken from the ultimate determination of the entire case.  This would place an additional and unneeded burden on the limited resources of the judiciary.  The Court, in its discretion, therefore declines to certify Union Pacific's appeal pursuant to Rule 54(b).

### B. The Court Declines to Certify Issues for Appeal Pursuant to 28 U.S.C. § 1292(b).

Union Pacific seeks certification pursuant to 28 U.S.C. § 1292(b) whether: (1) nonparty claim preclusion or (2) issue preclusion apply to the instant case. For an order to be certified under § 1292(b) for immediate appeal, five requirements must be met: (1) there must be a question of law, (2) it must be controlling, (3) it must be contestable, (4) the resolution must promise to speed up the litigation, and (5) the petition must be filed in the district court within a reasonable time after the order. Ahrenholz, 219 F.3d at 675.

Union Pacific fails to satisfy the question of law requirement. A question of law is a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" and should be "something the court of appeals could decide quickly and cleanly without having to study the record." Id. at 677. Here, Union Pacific asks whether (1) the nonparty issue preclusion rule of Taylor applies and (2) issue preclusion bars such relitigation on the basis that Perry applies only to claim preclusion and not issue preclusion. Both are issues that would require the Seventh Circuit

to examine the record of the case, as well as the record of the Gillespie opinions and the 2019 Opinion, to decide whether the Court should have granted Insurance Fund's Motion to Dismiss. Because Union Pacific seeks to appeal the Court's application of the relevant facts to the law of issue and claim preclusion, Union Pacific's claim does not fit the standard under Section 1292(b). As a result, the Court declines to certify its March 26, 2024 Opinion pursuant to 28 U.S.C. § 1292(b).

## IV. CONCLUSION

For the reasons stated, Plaintiff's Motion for Entry of Judgment (d/e 54) is DENIED.

**IT IS SO ORDERED.**
**ENTERED:  June 4, 2024.**
**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**